JUDGE McMAHON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

14 CV 5637

RECEIVED
JUL 23 2014
U.S.D.C. S.D.N.Y.

Attorneys for Plaintiff, Individually and on behalf of all others similarly situated

| | |
|---|---|
| Felipe Galindo, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. -<br><br>721 Deli & Grocery Inc. and Mohammed Hossain,<br><br>Defendants. | DOCKET NO. 14-CV-_____<br><br>**COMPLAINT** |

Plaintiff Felipe Galindo, by and through his undersigned attorneys, for his complaint against defendants 721 Deli & Grocery Inc. and Mohammed Hossain, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1. Plaintiff Felipe Galindo alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants, who elect to opt into

this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Mr. Galindo further complains that he is entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations, (ii) liquidated damages pursuant to New York Labor Law for these violations, and (iii) compensation for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff Mr. Galindo is an adult individual residing in the Bronx, NY.

4. Mr. Galindo consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); Mr. Galindo's written consent is attached hereto and incorporated by reference.

5. Upon information and belief, defendant 721 Deli & Grocery Inc. ("721 Deli") is a New York corporation with a

2

principal place of business at 721 2nd Avenue, New York, New York.

6. At all relevant times, defendant 721 Deli has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, defendant 721 Deli has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, defendant 721 Deli has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, defendant 721 Deli has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, defendant Mohammed Hossain is an owner or part owner and principal of 721 Deli, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. Defendant Mohammed Hossain was involved in the day-to-day operations of 721 Deli and played an active role in managing the businesses.

12. Defendants constituted "employers" of plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. § 216(b), plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of himself and a collective defined as follows:

> All persons who are or were employed by defendants in the United States at any time since July 16, 2011, to the entry of judgment in this case (the "Collective Action Period"), who worked as stockers, cleaners, food preparers, delivery persons, and/or all other hourly employees, and

4

who were not properly paid overtime compensation (the "Collective Action Members").

16. The Collective Action Members are similarly situated to plaintiff in that they were employed by defendants as non-exempt restaurant workers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

17. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

18. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

19. At all relevant times herein, defendants owned and operated a deli in New York.

20. Mr. Galindo was employed by defendants from approximately September 2012 to March 2014.

21. Mr. Galindo was employed as a food preparer and stocker.

22. Mr. Galindo's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

5

23. At all relevant times herein, plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

24. When Mr. Galindo first started working for defendants, his regular schedule was six days per week, 10 hours per day.

25. As a result, Mr. Galindo regularly worked 60 hours per week, each week.

26. After approximately nine months, in roughly July 2013, Mr. Galindo's schedule was reduced to 8 hours per day, so he began working just 48 hours per week.

27. When Mr. Galindo was hired, he was paid $7.50/hour. After approximately nine months, in roughly July 2013, he received a raise to $8.00/hour; he subsequently received a raise to $9.00/hour.

28. Mr. Galindo was paid at the aforementioned rates for all his hours worked; he did not receive any overtime premium for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

29. Defendants' failure to pay Mr. Galindo the overtime bonus for overtime hours worked was willful, and lacked any good faith basis.

30. Defendants failed to provide Mr. Galindo with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – or to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

31. Defendants failed to provide Mr. Galindo with accurate weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

32. Upon information and belief, throughout the period of Mr. Galindo's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Galindo (the Collective Action Members) in positions at defendants' deli that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

33. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime

compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

34. Upon information and belief, these other individuals were not provided with required annual or accurate weekly wage notices as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

35. Upon information and belief, while defendants employed Mr. Galindo and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I

### (Fair Labor Standards Act - Overtime)

36. Mr. Galindo, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

37. At all relevant times, defendants employed Mr. Galindo and each of the Collective Action Members within the meaning of the FLSA.

38. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

39. As a result of defendants' failure to compensate their employees, including Mr. Galindo and the Collective Action Members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. Due to defendants' FLSA violations, Mr. Galindo and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II

### (New York Labor Law - Overtime)

42. Mr. Galindo repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

43. At all relevant times, Mr. Galindo was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

44. Defendants willfully violated Mr. Galindo's rights by failing to pay him full overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 146.

45. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

46. Due to defendants' New York Labor Law violations, Mr. Galindo is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

47. Mr. Galindo repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times, Mr. Galindo was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49. Defendants willfully violated Mr. Galindo's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

50. Defendants willfully violated Mr. Galindo's rights by failing to provide him with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

51. Due to defendants' New York Labor Law violations, Mr. Galindo is entitled to recover from defendants statutory damages of $100 per week throughout his employment, and $50 per week throughout his employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by

    filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of defendants' willful failure to pay the statutory overtime compensation pursuant to 29 U.S.C. § 216;

f. Liquidated damages for defendants' New York Labor Law violations;

g. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: July 18, 2014

_____
David Stein (DS 2119)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of 721 Deli & Grocery Inc. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y en mi nombre para impugnar el fallo de 721 Deli & Grocery Inc. y sus propietarios y afiliados a pagarme, entre otras cosas, el salario mínimo y pago de horas extras como exige el estado y / o la ley federal y autorizar la presentación de este consentimiento en la demanda contra ese tipo de conducta, y dar su consentimiento para ser nombrado como representante de la parte demandante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con esta demanda también. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Felipe Galindo

Date: July 17, 2014